### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### PEORIA DIVISION

| | | |
|---|---|---|
| TIM BAILEY, | ) | |
| | ) | |
| Bailey, | ) | |
| | ) | |
| v. | ) | Case No.   08-cv-1362 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Tim Bailey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Memorandum in support. (Docs. 1 & 2). Respondent has responded to the Motion as directed by the Court. (Docs. 6 & 7). Bailey has also filed a Reply to the Response. (Doc. 15). For the reasons stated below, the Court finds that an evidentiary hearing is unnecessary and denies Bailey's Motion.

Bailey has requested an evidentiary hearing on his claim of ineffective assistance of counsel. (Doc. 8). He is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief, which, as discussed below, he has not done. *Sandoval v. U.S.*, 574 F.3d 847, 850 (7th Cir. 2009). As the factual issues relevant to Bailey's claims in this action can be resolved on the record, an evidentiary hearing is not required. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

### BACKGROUND

On February 9, 2006, following a jury trial, Bailey was convicted in this Court of conspiracy to distribute crack cocaine and distribution of more than 50 grams of cocaine base; he was sentenced to 240 months' incarceration. (02-cr-10144). Bailey challenged this conviction on direct appeal, raising the issues of this Court's refusal to compel the production of tax records of a government informant, the admission of testimony regarding his own arrest for trespassing, and the admission of testimony regarding his presence at certain drug sales. Bailey's conviction was affirmed by the Court of Appeals. *U.S. v. Bailey*, 510 F.3d 726 (7th Cir. 2006).

### DISCUSSION

Bailey contends in his § 2255 Motion that his trial counsel, Spencer Daniels, provided ineffective assistance. He identifies four areas in which he alleges that Daniels' representation was constitutionally deficient: (1) his failure to effectively cross-examine government witnesses, (2) his failure to call witnesses and investigate the case in support of Bailey's defense, (3) failure to object to improper cross-examination by the prosecution, and (4) his conflict of interest regarding a government witness.

Criminal defendants are guaranteed by the Sixth Amendment the right to representation by a competent attorney. In order to substantiate a claim of unconstitutionally ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's representation was so poor as to fall below a threshold of objective

reasonableness and (2) that, but for his counsel's failure, the result of his criminal proceedings would have probably been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

The first prong of *Strickland*'s test is to be applied under the "strong presumption" that counsel's performance was constitutionally adequate.[1]  *Id.* at 689-90 (*citing Michel v. Louisiana*, 350 U.S. 91, 101 (1955)) ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong

---

[1] As the Supreme Court has noted:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.
> The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges.  Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense.  Counsel's performance and even willingness to serve could be adversely affected.  Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client.

*Strickland*, 466 U.S. at 689-90 (internal quotation marks and citations omitted).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."). The Court takes each of Daniels' alleged errors in turn.[2]

### I.    Cross-Examination of Witnesses

Bailey argues that Daniels improperly failed to attempt impeachment of the testimony of witness Williams, who testified for the government as a term of a plea agreement. (Doc. 2 at 7-8). Bailey specifically cites to Federal Rule of Evidence 608, which allows impeachment by evidence in the form of opinion or reputation, or by cross-examination into specific instances of conduct relevant to the witness' character for truthfulness. He also claims that Daniels "totally abandon[ed] his line of questioning" in cross examining Williams. (Doc. 2 at 8).

As pointed out by Respondent, Daniels did conduct cross-examination of Williams that was directed toward undermining his credibility, by eliciting testimony that he was himself involved in the drug trade and that he used marijuana. (Tr. 281-83). In addition, the testimony elicited and highlighted by Daniels showed that Williams did not have a crystal-clear memory of the events to which he had testified. (Tr. 281-83). Finally, Daniels cross-examined Williams on

---

[2]  In addition, the Seventh Circuit has held that, for substantive purposes, "'ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief.'" *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (*quoting Peoples v. U.S.*, 403 F.3d 844, 848 (7th Cir. 2005)). Here, as none of the allegations by Bailey show an error made by Daniels, it is unnecessary to determine whether they add up to a deficient performance overall.

the fact that he was testifying in compliance with his plea agreement, in exchange for a lower sentence recommendation and Rule 35 motion by the government. (Tr. 283-86). Daniels' cross-examination was obviously directed toward undermining Williams' credibility, and was not "abandoned." Bailey has failed to state what other cross-examination he would have liked for Daniels to undertake, such as the nature of other specific instances of conduct relevant to Williams' credibility. There was no error in Daniels' cross-examination of Williams.

In addition, Bailey generally asserts that Daniels erred in "conducting inadequate cross-examination of key witness' [sic] who testified had several discrepancies regarding chain of custody of cocaine allegedly purchase[d] by petitioner," and that he failed "to elicit testimony from prosecution witnesses." (Doc. 2 at 9). Bailey does not identify these witnesses or the discrepancies alleged. As pointed out by Respondent, thirteen of the government's witnesses gave testimony relating to Bailey, and Daniels cross-examined each of them. A § 2255 petitioner alleging ineffective assistance of counsel must identify the errors that he claims - the Court cannot scour the record on his behalf, searching for any potential errors. As Bailey has failed to identify these alleged "discrepancies" that Daniels did not address, he has failed to properly allege either error or prejudice.

The record shows that Bailey has failed to establish that Daniels' actions in cross-examining Williams was constitutionally deficient, and has failed to allege facts that, if proved, would show that his cross-examination of other prosecution witnesses was constitutionally deficient.

5

## II.   Failure to Investigate or Call Witnesses in Support of Defense

Bailey also alleges that Daniels failed to "call witnesses to establish a defense," and that the testimony of those witnesses "would have contradicted the testimony of several government confidential informants." (Doc. 2 at 9). Bailey fails, however, to identify these supposed witnesses whose testimony would have contradicted the government's witnesses. Under substantial Seventh Circuit precedent, Bailey is required to both identify and present the substance of the purported witnesses' testimony "in the form of actual testimony or affidavit." *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). *See also U.S. v. Anderson*, 61 F.3d 1290, 1299 (7th Cir. 1995) (Where defendant fails to suggest "how his purported rebuttal witnesses would have testified or how they could have changed the result in this case[, reviewing court] cannot conclude that…counsel rendered ineffective assistance by failing to call these unnamed witnesses."); *Granada v. U.S.*, 51 F.3d 82, 85 (7th Cir. 1995) (prejudice not shown where petitioner fails to identify uncalled witnesses or state substance of their testimony).

Similarly, Bailey's claim that Daniels did not conduct sufficient investigation of the case, through which he allegedly would have discovered these witnesses, is doomed by insufficient allegations. First, Daniels has stated that he did conduct an investigation, and the Court presumes, as it must under *Strickland*, that his investigation was adequate; Bailey has not overcome this presumption. (Doc. 7 at

6

Ex. 1). In making a claim that counsel failed to adequately investigate the case, Bailey must come forward with an explanation of what information a more-extensive investigation would have revealed, which he has not done. *See Hardamon v. U.S.*, 319 F.3d 943, 951 (7th Cir. 2003) (*quoting U.S. ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)) ("[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'").

Bailey attempts to circumvent these problems by arguing that the mere fact that Daniels did not *personally* interview all potential witnesses and subpoena them establishes constitutional error. (Doc. 15 at 2-3). Apparently, under Bailey's view, it is impermissible for counsel to rely on an investigator to interview potential witnesses, as Daniels stated he had done in an affidavit attached to the Response. (Doc. 7, Ex. 1). On the contrary, there is no caselaw supporting such an argument - defense attorneys may, and frequently do, utilize the services of an investigator to assist them in their case preparation. In addition, Daniels' affidavit establishes that none of the interviewed witnesses would have provided testimony favorable to Bailey's case. The fact that Daniels did not subpoena every witness interviewed, therefore, does not establish error, as he knew they would not have provided any helpful testimony; Daniels' decision on this point was reasonable. *See U.S. v. Jackson*, 935 F.2d 832, 846 (7th Cir. 1991) (counsel not ineffective for choosing not to pursue testimony when he knows that potential witness will not be helpful).

Further, Bailey has failed to identify any of the witnesses that he wishes Daniels would have brought to court, which is a necessary prerequisite to establishing that counsel was ineffective for failing to put on their testimony. *See Ashimi*, 932 F.2d at 650.

Bailey has failed to identify the other witnesses that he claims would have supported a stronger defense in his trial and has therefore failed to allege facts that, if proven, would show that Daniels' performance was unconstitutionally deficient.

### III.  Failure to Object to Improper Cross-Examination

Bailey also conclusorily suggests that Daniels failed to "object to improper cross examination by prosecutor." (Doc. 2 at 8). However, he does not specify what cross-examination by the prosecutor he believes to have been improper, thus eliminating the possibility for the Court to determine whether this allegation indeed points to an error by Daniels. In even the case cited by Bailey, the defendant identified the allegedly improper cross-examination to which his attorney should have objected. *U.S. v. Wolf*, 787 F.2d 1094, 1098-1100 (7th Cir. 1986). Bailey has not alleged any facts to overcome the presumption of competent representation required by *Strickland*.

### IV.  Conflict of Interest

Finally, Bailey contends that a conflict of interest appeared at trial, such that Daniels should have withdrawn from representing him. (Doc. 2 at 10-12; Doc. 15 at 5). His contention stems from the questioning of witness Ometries Barnes by Daniels. In cross-examining Barnes, Daniels asked him "Now you said that you

8

delivered to my client twice?" (Tr. 882). Later, it became apparent that Barnes was unaware of whom Daniels represented. Barnes believed that Daniels represented Shane Williams, one of Bailey's co-defendants, who was actually represented by Maribeth Egert Dura. (Tr. 894-96). The fact that a witness was confused about whom an attorney represented does not show there to have been any kind of a conflict of interest. Bailey mentions joint or simultaneous representation, but there is no indication or allegation that Daniels represented any of the witnesses or other defendants; each of the other defendants had separate counsel. (Doc. 2 at 12; Doc. 15 at 5). The record proves that Barnes' confusion did not at trial and does not now show any conflict of interest, so there was no error in Daniels' representation arising from it.

## CONCLUSION

IT IS THEREFORE ORDERED THAT Bailey's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED. In addition, Bailey's Motion for Hearing (Doc. 8) is DENIED.

CASE TERMINATED.

Entered this 12th day of April, 2010.

                                                               s/ Joe B. McDade
                                                               JOE BILLY McDADE
                                              United States Senior District Judge