# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| TIM BAILEY, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|    v. | )    Case No.  08-cv-1362 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Tim Bailey's Motion for Reconsideration of the Court's denial of his 28 U.S.C. § 2255 Motion. (Doc. 18). For the reasons stated below, the Motion is denied.

Petitioner did not specify what Federal Rule of Civil Procedure he relies on in bringing his Motion for Reconsideration, so the Court must first determine whether Rule 60(b) or Rule 59(e) applies to this Motion. An unlabeled post-judgment motion that is filed beyond the 28-day time period specified in Rule 59(e) is automatically one under Rule 60(b). *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).[1] Petitioner's instant Motion purports to be dated May 12, 2010, though there is no declaration of compliance with Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, noting the date the Motion was placed in Petitioner's institution's mailing system,

---

[1] *Talano* was decided under the Federal Rules of Civil Procedure as they stood in prior to December 1, 2009, when the relevant time limit was changed from 10 days to 28 days. Nonetheless, the rule applies.

and therefore does not qualify for the prisoner "mailbox rule;" it was received by the Court on May 19, 2010. Even taking May 12, 2010 as the date of filing, it was filed more than 28 days after entry of judgment, and so arises under Federal Rule of Civil Procedure 60(b), rather than Rule 59(e).

On February 9, 2006, following a jury trial, Petitioner was convicted in this Court of conspiracy to distribute crack cocaine and distribution of more than 50 grams of cocaine base; he was sentenced to 240 months' incarceration. (02-cr-10144). Petitioner challenged this conviction on direct appeal, raising the issues of this Court's refusal to compel the production of tax records of a government informant, the admission of testimony regarding his own arrest for trespassing, and the admission of testimony regarding his presence at certain drug sales. Petitioner's conviction was affirmed by the Court of Appeals. *U.S. v. Bailey*, 510 F.3d 726 (7th Cir. 2006). On December 19, 2008, this Court received § 2255 Motion from Petitioner, in which he argued that his trial counsel, Spencer Daniels, provided ineffective assistance. He identified four areas in which he alleged that Daniels' representation was constitutionally deficient: (1) his failure to effectively cross-examine government witnesses, (2) his failure to call witnesses and investigate the case in support of Petitioner's defense, (3) failure to object to improper cross-examination by the prosecution, and (4) his conflict of interest regarding a government witness. On April 12, 2010, the Court issued an Order denying Petitioner's § 2255 Motion on the merits, finding that none of these purported errors, either together or individually, justified § 2255 relief.

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals… ." 28 U.S.C. § 2255(h). Under § 2255(h), the Court has no jurisdiction to hear a successive § 2255 Motion from Petitioner. *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the [successive § 2255] petition. No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition."). A Rule 60(b) motion is a collateral attack on the judgment, and must sometimes be considered a successive § 2255 motion. *Curry v. U.S.*, 507 F.3d 603, 604-05 (7th Cir. 2007). "If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it," and the court must dismiss the motion. *Id*. at 604.

In *Gonzalez v. Crosby*, the Supreme Court held that where a Rule 60(b) motion advances a new or already-litigated claim to substantive relief, it is a second or successive petition, explaining that:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris*[ *v. U.S.*, 367 F.3d 74, 80-81 (2nd Cir. 2004)], will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

545 U.S. 524, 532 (2005) (emphasis in original). Though *Gonzalez* itself applied only to § 2244 cases, the courts within Seventh Circuit have applied its reasoning to § 2255 cases, as well. *Thomas v. U.S.*, 00-cv-4304-JPG, 2009 WL 2567885, *1 (S.D. Ill. Aug. 18, 2009; *Ashley v. U.S.*, 00-4261-JPG, 2006 WL 335582, *1-2 (S.D. Ill. Feb. 13, 2006); *Morrison v. U.S.*, 01-3354, 2006 WL 156823, *1-2 (C.D. Ill. Jan. 20, 2006) (*quoting Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)) ("Although § 2244 refers to § 2254 rather than § 2255, [courts] have held that the cross-reference to § 2244 in § 2255 ¶ 8 means that it is equally applicable to § 2255 motions."); *see also Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002) (substantive arguments in Rule 60(b) motions constitute second or successive motions under § 2255).

In his instant Motion, Petitioner argues that "his attorney was ineffective for failing to cross examine the government [confidential informant] and witnesses about the way crack is sold and bought." (Doc. 18 at 1). Petitioner's instant Motion clearly advances a new argument supporting his already-litigated claim that his trial counsel was ineffective, and is therefore a successive motion within the terms of § 2255(h).[2] *Gonzalez*, 545 U.S. at 532; *Dunlap*, 301 F.3d at 876. This Court, having ruled on his § 2255 motion on the merits, is thus without jurisdiction over the successive motion, styled as a motion for reconsideration, and must dismiss it.

---

[2] Recharacterization by the sentencing court of a prisoner's successive collateral motions as falling under § 2255 does not pose the same risk as a similar recharacterization of an initial post-judgment motion. *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004).

It is possible to construe Petitioner's instant motion as arguing that the court erred in failing to instruct the jury about the difference between cocaine and cocaine base/crack cocaine. As this would be a new claim to § 2255 relief, it is also barred as a second or successive collateral attack.

*Nunez*, 96 F.3d at 991. If Petitioner wishes to raise the arguments advanced in his instant Motion, he must request approval to do so from the Court of Appeals under § 2255(h).

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration (Doc. 18) is DISMISSED FOR WANT OF JURISDICTION.

CASE TERMINATED.

Entered this 26th day of May, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
